IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 0 5 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DANTE LIZALDE,

                                  Petitioner,

    -against-

UNITED STATES OF AMERICA,

                                  Respondent.
------------------------------------------------------------------ x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

OPINION AND ORDER
13-CV-4334 (ARR)

ROSS, United States District Judge:

On July 19, 2013, petitioner Dante Lizalde, proceeding pro se, filed a motion characterized as a "Motion to Vacate Void Judgment Pursuant to Federal Rules of Civil Procedures Rule 60(b)(4)." Dkt. #1. The motion sought to vacate his 2000 criminal conviction as "void." Id. at 1. On August 13, 2013, the court issued an opinion and order transferring the motion to the United States Court of Appeals for the Second Circuit as a second or successive 28 U.S.C. § 2255 petition. Petitioner now moves for reconsideration. See Dkt. #3. In forma pauperis status is granted for the purpose of this order.

Reconsideration of a previous order by the court, pursuant to Local Civil Rule 6.3 is warranted only where the movant can "demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc. v. Research in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing Shrader v. CSK Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). The controlling law that petitioner argues the court overlooked is Castro v. United States, 540 U.S. 375 (2003). In Castro, the Supreme Court held that

> when a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacteraize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it.

Id. at 383 (emphasis added). As the quote indicates, Castro's holding applies only to a litigant's first § 2255 motion. This is because, as the Court explained, recharacterization of the first motion "can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." Id. at 377.

Here, as noted in the court's August 13, 2013 opinion and order, petitioner already filed two previous habeas petitions. The first such petition was titled by petitioner, "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255." See 03-CV-4733, Dkt. #1, at 1. Accordingly, petitioner's first motion was treated as a § 2255 petition and subsequent efforts to challenge his conviction and sentence have properly been treated as second or successive petitions. As Castro limits the court's power to recharacterize a first motion, it does not apply to petitioner's instant motion – his third.

The court therefore sees no basis for reconsidering its August 13, 2013 opinion and order. The motion for reconsideration is accordingly denied.

SO ORDERED.

/S/ Judge Allyne R. Ross

_____
Allyne R. Ross
United States District Judge

Dated: September 5, 2013
      Brooklyn, New York

**Service List:**
Dante Lizalde
85982-080
Federal Correctional Institution at La Tuna
P.O. Box 3000
Anthony, NM 88021